## H. Feldman's Sons Co. v. Netsky et al.

*Samuel P. Lavine*, for plaintiff.
*James A. Quinn*, for defendants.

LEWIS, J., August 20, 1943.—This is an action in assumpsit. Plaintiff, H. Feldman's Sons Company, claims that defendants, Netsky Brothers, agreed to sell to it three carloads of hair at a stated price and upon certain terms. The contract was oral, and was said to have been entered into at plaintiff's office between duly-authorized agents both of plaintiff and of defendants. Plaintiff alleges that defendants failed or refused to deliver the hair, and claims as damages the difference between the market value and the sale price agreed upon.

Defendants filed an affidavit of defense raising questions of law, objecting that the claim is founded upon an oral contract to sell goods of value in excess of $500, contrary to the requirements of the statute of frauds. Plaintiff amended the statement of claim to include averments to the effect that, following the oral agreement, plaintiff gave defendants credit upon its books for payment for the merchandise in the sum of $435.63. It is contended by plaintiff that this credit constitutes a confirmation of the agreement sufficient to satisfy the requirements of the statute of frauds.

That which plaintiff alleges is merely that it voluntarily gave defendants a credit on an old account and sent defendants a memorandum to that effect, receipt of which memorandum defendants did not acknowledge. The allegation may all be true, and for the purpose of our decision we must accept the statement as true. All that is averred, however, is a voluntary act solely on the part of plaintiff. The credit was not asked for by defendants, nor did defendants by any act or writing connect this credit with the alleged oral agreement.

A payment on account is deemed to exclude a sale from the effect of the statute of frauds because it constitutes a joint act of confirmation by the purchaser and seller that is affirmative evidence of the sale, and hence is as effective as a writing. That which is alleged

to have taken place in this case is neither an act nor a writing by the party sought to be charged. Defendants are totally helpless to prevent plaintiff from entering a credit upon plaintiff's own books, and if such an act were evidence of an agreement every creditor would be in position to assert an agreement with a debtor and to "prove" the same by a credit on his books. The possibility of fraud would be without limit. An entry made by a party in his own books is self-serving. If it is a credit, we do not think it constitutes a partial payment for the purposes of the statute of frauds.